UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Larissa Mullen, Special Administrator of the Estate of Dakota Chrismer, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 21-cv-00472-JPG<br>)<br>) |
| Granite City, Illinois, a Municipal Corporation, Officer Brandon Hartin, Sergeant Justin Rayl, Sergeant Bradley Skalsky, Officer Joseph Nicolussi, Officer Zachary Opel, Commander, Bryan Schmidtke, Paramedic Thomas O'Neil, Paramedic Richard Moore, Paramedic Brendan Brooks and Paramedic Megan Black, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO GRANITE CITY'S FRCP 12(b)(6) MOTION TO DISMISS

### STANDARD ON MOTION TO DISMISS

When considering a motion to dismiss, the court accepts as true all well pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. **O'Brien v. Village of Lincolnshire 955 F.3d 616, 621 (7 Cir. 2020)**; **Flores v. City of South Bend (No.20-1603-7 Cir. 2021)**; **McCullah v. Gadert 344 F.3d 655, 657 (7 Cir. 2003)**. On a motion to dismiss the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support her claims. **Cole v. U.S. Capital, Inc. 389 F.3d 719, 724 (7 Cir. 2004)**. This threshold is so low the Seventh Circuit once observed:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of…Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient

because it does not contain…should stop and think: what rule of law requires a complaint to contain that allegation.

**Doe v. Smith, 429 F.3d 706, 708 (7 Cir. 2005)**.

Even after **Ashcroft v. Iqbal 556 US 662, 129 S.Ct. 1937 (2009)** plaintiff only need allege facts that renders a claim plausible. To meet the requirements of Fed.R.Civ.P 8(a)(2) a complaint need only tell a story that "holds together". **Swanson v. Citibank 614 F.3d 400 (7 Cir. 2010)**. The plaintiff's pleadings are also understood to include those documents attached to the complaint. Fed.R.Civ.P 10(c). Here that incorporates the certificate of merit of the consulting physician. Construed as a whole, plaintiff's complaint is sufficient and the defendant's motion must be denied.

**I. PLAINTIFF HAS ALLEGED PLAUSIBLE FACTS TO STATE A CLAIM THAT GRANITE CITY'S POLICIES ACTED TO DEPRIVE THE DECEDENT OF HIS CONSTITUTIONAL RIGHTS**

A local government entity may be liable when it has a policy that causes constitutional violations. **Monell v. Dept. of Social Services of New York 436 US 658, 691, 98 S.Ct. 2018, 2036 (1978)**. To prevail, plaintiff must establish the violation occurred due to: (1) a policy adopted by officers; (2) a practice or custom that although not specially authorized, is widespread; or (3) authorized by an official with policy making authority. **Thomas v. Cook County Sherriff's Dept. 604 F.3d 293, 303 (7 Cir. 2009)**. Those issues are only properly addressed after the completion of discovery. At this stage it is sufficient that plaintiff has alleged facts that makes a right of recovery plausible.

Granite City's motion claims plaintiff has not alleged an "express policy" that acted to deny plaintiff's decedent of his constitutional rights. This ignores plaintiff's pleadings. The certificate of merit addresses the failure to have adequate protocols to

address the situation presented by Dakota Chrismer and/or that Granite City failed to train its police and EMS. Specifically, paragraphs 13, 14, 15, and 43 addresses Granite City's failure to have or enforce policies that took into account the rights of individuals in need of medical clearance while in police custody. These allegations meet the plausibility standard.

Granite City further argues that allegations of a single incident is inadequate and that a plaintiff must possess knowledge of and allege prior similar occurrences to constitute an unconstitutional policy. Defendant relies on **Calhoun v. Ramsey 408 F.3d 375, 379-80 (7 Cir. 2005) (ECF 35)**. This reliance is misplaced in part because **Calhoun** was a post-trial appeal where the Seventh Circuit affirmed a verdict for the defendant, finding there was no error in the jury instructions or admission of evidence. The sole issue presented to the jury there was whether the absence of a medication verification policy constituted a constitutional violation. **Calhoun** does not address the standard applicable for a motion alleging a failure to meet Rule 12(b)(6).

A municipalities failure to train liability does not require proof of widespread constitutional violations before becoming actionable. A single violation may give rise to a claim. **Flores, id**. In **Flores** a municipal police officer speeding through residential streets collided with another motorist causing her death. The estate sued under 28 USC 1983 and also claimed state law violations. In addressing a 12(b)(6) motion challenging the sufficiency of the complaint, the court pointed out it is nearly universally recognized that a municipality's failure to train is a basis for 1983 liability, **id**. A failure to train despite no actual or constructive knowledge of prior actions still constitutes deliberate indifference to the rights of the public. It is a functional equivalent of a

decision by the City itself to violate the constitution.  **Flores,** citing **Connick v. Thompson 563 US 51 (2011)**.  In **Woodward v. Correctional Medical Services of Illinois, Inc. 368 F.3d 917 (7 Cir. 2004)** it was held a correctional facility's failure to train on suicide prevention resulting in the death of an inmate, supported **Monell** liability.  That was the conclusion even though the plaintiff could not prove that any other inmates died due to the failure to train, because a person does not "get a one free suicide pass". **id @ 929**.  The same can be said here.  Neither Granite City or its employees are entitled to a "free pass" under the facts alleged by the plaintiff.  The law does not require the death or injury of multiple victims before a city must institute proper training, **Flores, id**.

II.     **PLAINTIFF HAS SUFFICIENTLY ALLEGED STATE LAW CLAIMS**

Granite City further alleges that the complaint contains inadequate factual allegations to make this defendant liable under state law survival and wrongful death claims.  In particular, defendant maintains the allegations are insufficient to constitute respondeat superior liability (ECF 40, pg. 10).  Granite City complains the pleadings lack sufficient facts to conclude the conduct occurred within the scope of the employment of the City's employees.  Defendant relies on **Papadakis v. Fitness 19 IL 116, LLC 2018 IL. App (1st) 170388** and ignores the plain reading of plaintiff's complaint.  For example, paragraphs ten (10) and eleven (11) of the complaint identifies that the actors were direct employees of Granite City and acting in that capacity as police officers and fire department personnel when they failed to assess and react to the decedent's urgent healthcare needs.  The defendant's police and fire department responded to a 911 call, used the fire department stretcher to evacuate the decedent

from plaintiff's basement, transported the decedent in a police vehicle, processed him at the Granite City jail and placed him in a jail cell where he died.

In the context of evaluating state law claims, the complaint only serves to inform the court of the legal theories relied upon and give notice of the factual issues to be tried. **Papadakis, id**. The pleadings are not intended to create obstacles of a technical nature to prevent reaching the merits of the case. **id.** Applying this standard to plaintiff's twelve (12) page complaint leaves no question that plaintiff has adequately alleged respondeat superior liability.

**TORT IMMUNITY ACT DOES NOT APPLY**

Granite City further maintains its individual employees are immune unless their conduct constitutes "willful and wanton" misconduct, relying on 745 ILCS 10/2-202 (Illinois Tort Immunity Act). Defendant relies on the wrong Act. In circumstances similar to ours, the Illinois Supreme Court found the Tort Immunity Act does not immunize claims against the City for the acts of its EMS employees or those entrusted to provide pre-hospital assessment and transport. These claims are governed by the Emergency Medical Services (EMS) Systems Act (210 ILCS 50/3.150(a); See **Abruzzo v. City of Park Ridge 898 NE 2d 631, 231 Ill. 2d 324 (2008)**. The EMS Act provides for coordination and integration of all prehospital and interhospital emergency medical services 210 ILCS 50/2 and therefore the Tort Immunity Act has no application. Accordingly, plaintiff's complaint need not meet the requirements of section 202 of the Tort Immunity Act. Also, see **American National Bank & Trust v. Chicago 735 NE2d 551, 192 Ill. 2d 274 (Ill. 2000)**.

Nevertheless, plaintiff alleges all implicated employees acted intentionally, willfully and with deliberate indifference when dealing with plaintiff's decedent on May 15, 2020. (ECF. Doc. 1, pgs. 9-10). These allegations defeat any immunity claim derived from the EMS Systems Act.

**Wherefore**, plaintiff, Larissa Mullen, prays this court deny the Granite City's motion to dismiss or, in the alternative, should this court grant this defendant's motion in whole, or in part, that plaintiff be granted leave to file amended pleadings; and such other relief as is appropriate.

By: /s/Lanny Darr
Lanny Darr (#06205283)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL 62002
Phone: (618) 208-6828
Fax: (618) 433-8519
darr@darrfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021 I electronically filed the above Plaintiff's Response to Granite City's FRCP 12(b)(6) Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erin M. Phillips
Unsell, Schattnik & Phillips, P.C.
3 S. 6th Street
Wood River, IL 62095
Erin.phillips7@gmail.com
Attorney for Defendants