IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARISSA MULLEN, Special Administrator of the Estate of Dakota Chrismer, <br><br> Plaintiff, <br><br> v. <br><br> GRANITE CITY, ILLINOIS, a Municipal Corporation, et al. | ) ) ) ) ) 21-cv-00472-JPG ) ) ) ) ) ) ) |

## DEFENDANT GRANITE CITY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Comes now Defendant City of Granite City, Illinois, a municipal corporation, by and through its attorneys of the law firm of Unsell, Schattnik, & Phillips, P.C., and for its Reply to Plaintiff's Response (Doc. No. 28) to Defendant City of Granite City's Motion to Dismiss (Doc. No. 11) states as follows:

Defendant asserted Plaintiff's allegations related to the failure to train and/or have a policy are insufficient to support a *Monell* claim against *City of Granite City*. In response, Plaintiff argues that its allegations in Paragraphs 13, 14, 15 and 43 of Plaintiff's Complaint are sufficient to plead a *Monell* claim against the City of Granite City for "failure to have or enforce policies that took into account the right of individuals in need of medical clearance while in police custody."

Paragraph 13 states the Granite City Police Department is a law enforcement division of the municipal corporation of City of Granite City. The paragraph further alleges that GCPD, through its department heads, are in charge of creating and enforcing policies related to the arrest and detention of persons, including those under the influence of drugs, with diminished decision

making capacities and other signs of the need for medical treatment or clearance while in custody. Paragraph 14 states Granite City Fire Department is a division of the municipal corporation and that its firefighters and paramedics are responsible for emergency medical treatment of persons in need of medical treatment while in custody. Paragraph 15 alleges the Granite City Fire Department, through its department heads, creates and enforces policies and protocols relative to providing medical evaluation and care for persons including those under the influence of drugs or "suspected of active overdose from illegal drug consumption, including fentanyl" as well as other "orthopedic or similar injuries."

Paragraph 43 states, " Granite City, through its department heads, police and fire departments personnel's failure to have and/or follow adequate policies, customs, and/or practices relative to the evaluation and clearance of detained and arrested individuals, and its failure to enforce or execute those in existence, resulted in the depravation of Chrismer's constitutional right to post custodial healthcare. These failure demonstrate a deliberate indifference to the rights of individuals such as Chrismer, who are in need of medical attention, clearance and hospital transport, including while in police custody." Doc. No. 1, ¶ 43.

Paragraphs 13, 14, and 15 of Plaintiff's Complaint set forth that the Police Department and Fire Department set and enforce policies and protocols and that the firefighters and paramedics are the ones who provide emergency medical treatment to those in custody. These paragraphs do not contain any allegations of prior failures in those policies nor contain any allegations showing the City of Granite City had knowledge of prior failures in the City's policies or procedures related to medical care of those in custody. Thus, there is no basis to claim the City had notice of the need to create new policies or to better train and enforce policies.

Paragraph 43 contains the bald assertion the City was deliberately indifferent to Chrismer's constitutional right as evidenced by the police and fire department's "failure to have/or follow adequate policies, customs, and/or practices relative to evaluation and clearance of detained and arrested individuals." While the paragraph does state the City was deliberately indifferent, this paragraph and the remainder of Plaintiff's complaint do not contain allegations of any facts showing that the City was ever on notice that such a lack of policy needed to be addressed. There are no allegations of prior failures of the Granite City's policies and practices related to provisions of medical treatment and/or evaluation of person in custody so as to create a knowledge on the part of the City of an unreasonable risk to those in police custody.

This lack of any allegations showing prior issues or failures of the Granite City polices or practices is what distinguishes this matter from the cases relied on by Plaintiff in her Response. Plaintiff relies on *Flores v. City of South Bend* in which the Seventh Circuit denied a Motion to Dismiss a *Monell* claim. *Flores v. City of South Bend*, 997 F.3d 725 (7th Cir. 2021). In *Flores*, the Seventh Circuit found allegations that "on at least three prior occasions,[the officer involved] drove in the dark of night at extreme speeds, well above the posted speed limits." *Id.* at 733. The plaintiff also asserted the City "knew its officers routinely drove over 50 miles per hour, but it took no steps to prevent this behavior, no training, no discipline, no reprimands." *Id.* It was this knowledge of prior conduct that created the deliberate indifference to the risk of recklessly driving police officers that was the basis for the claim against South Bend. It asserts South Bend had information that their officers were acting in a manner that might result in a violation of constitutional rights and then took no action to make policy, enforce policies against reckless driving, or to train the officers against reckless driving.

Similarly, Plaintiff relies on *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004). In *Woodward*, a failure to train claim involving a jail suicide was upheld despite no evidence of a prior suicide. *Id.* at 929. The Seventh Circuit held municipal liability can be demonstrated "by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting the misconduct of subordinate officers." *Id.* at 927. The Seventh Circuit stated requiring evidence of prior suicides was too restrictive of a test and gave the defendant a "one suicide free pass." *Id.* Instead, the Seventh Circuit looked at evidence of multiple employees not being trained fully, which the Court stated was not an "isolated event", alleged repeated failures to fill out required mental health forms, repeated failures to follow written policies, and that the *Monell* defendant "had knowledge" that an employee resisted placing persons on suicide watch. *Id.* at 927-929. The Seventh Circuit held that *Monell* liability would apply in light of *"the repeated failures* to ensure [plaintiff's] safety. *Id.* at 929. (Emphasis added).

Here, Plaintiff's Complaint contains no such allegations of prior failures of policy that went unpunished or any knowledge by the City of Granite City that is policies were not adequate do to prior failures in the provision of medical care. There are no allegations of fact to establish this incident was not an isolated incident but instead the likely outcome of "repeated failures" like in *Woodward*. Without allegations that prior misconduct had occurred, The City could not be on notice to the inadequacy of any policy or that there was a need to better train and/or a need to enforce its policies in a different manner. Without allegations that the City was aware of such

needs for policy, training, or enforcement, the City cannot be deliberately indifferent to said need for enforcement and/or training.

Plaintiff also argues that Defendant has relied on the wrong standard of pleading by relying on *Calhoun v. Ramsey*, 408 F. 3d 375 (7th Cir. 2005) because that matter involved a post-trial motion. See P. Response, Doc. No. 28. While *Calhoun* did involve a post-trial motion, *Calhoun* provides the elements of a claim based on a lack of policy, lack of enforcement, and/or lack of training. Courts will still look to see if the allegations of a complaint allege facts as to all elements of a claim. In *Flores*, the Seventh Circuit denied a Motion to Dismiss when the complaint alleged prior misconduct and the *Monell* defendant was alleged to have had knowledge of that misconduct. *Flores*, 997 F.3d at 733. Therefore, the existence or lack of factual allegations to support the bare claim of deliberate indifference in claims based on lack of policy or training are relevant at the Motion to Dismiss stage.

In conclusion, Plaintiff's complaint has failed to sufficiently allege facts showing a deliberate indifference to the need for new policies, or more enforcement of existing policies, or the need for training of City police officers and firefighter/paramedics related to the provision of medical care to arrested individuals. Thus, Plaintiff has failed to state a *Monell* claim against the City of Granite City for the failure to have and/or enforce a policy or the failure to train its officers. Therefore, Defendant requests this Court dismiss Plaintiff's *Monell* claim against the City of Granite City and for other just relief as this Court deems proper.

> By: /s/ Erin M. Phillips
> Erin M. Phillips, #62897223 (Lead)
> Unsell, Schattnik & Phillips, P.C.
> 3 South 6th Street
> Wood River, IL 62095
> Erin.phillips7@gmail.com

## Certificate of Service

I hereby certify that on July 22, 2021 I electronically filed **Reply** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lanny Darr
Darr Law Offices, Ltd.
307 Henry St., Suite 406
Alton, IL 62002
darr@darrfirm.com

/s/ Erin Phillips
Erin M. Phillips, #62897223 (Lead)
Unsell, Schattnik & Phillips, P.C.
3 S. 6th Street
Wood River, IL 62095
(618) 258-1800
(618) 258-1957 fax
Attorney for Defendants